IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE GALARZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 3804 |
| v. | ) | |
| | ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting | ) | Maria Valdez |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Michelle Galarza's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 9] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied.

## BACKGROUND

### I. PROCEDURAL HISTORY

On May 29, 2013, Plaintiff filed claims for DIB and SSI, alleging disability since May 1, 2013. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"),

which was held on April 28, 2016.[1] Plaintiff personally appeared and testified at the hearing and was represented by an attorney. Medical expert Sheldon J. Slodki, M.D. and vocational expert Richard T. Fisher also testified.

On May 31, 2016, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.  ALJ DECISION

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of May 1, 2013. At step two, the ALJ concluded that Plaintiff had severe impairments of fibromyalgia, reflex sympathetic dystrophy syndrome ("RSD"), degenerative disc disease, obesity, chronic pain, depression, anxiety, and borderline intelligence. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment.

The ALJ then determined that Plaintiff retained the RFC to perform light work with the following physical limitations: lifting and carrying no more than twenty pounds occasionally and ten pounds frequently with the right hand and only ten pounds occasionally with the left dominant hand; standing and walking six

---

[1] Plaintiff did not appear at the originally scheduled hearing date of January 26, 2016. The ALJ found good cause for her failure to appear and granted her attorney's request for a continuance. Plaintiff appeared at the supplemental hearing on April 28, 2016.

2

hours in an eight-hour workday; sitting six hours in an eight-hour workday; no climbing ladders, ropes, or scaffolds; performing other postural maneuvers occasionally; occasionally reaching above her head and engaging in handling and fingering on her left side; and no working around unprotected heights or dangerous moving machinery. In addition, Plaintiff was limited to simple, repetitive tasks with no strict production quotas, but she could do end-of-day quotas; and only occasional contact with the general public, coworkers, and supervisors. She could adapt to routine changes in the work environment. At step four, the ALJ found that Plaintiff could not perform any of her past relevant work as a general clerk or a companion. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ concluded that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

**I.    ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1–4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence,

4

resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

5

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because: (1) his RFC improperly failed to account for all of Plaintiff's physical and mental limitations; (2) he did not support his conclusion that Plaintiff's subjective claims are not consistent with the record; (3) his analysis of the expert opinion evidence was flawed; and (4) he improperly evaluated the vocational expert's testimony. The Court agrees with Plaintiff that the ALJ failed to build a logical bridge between the evidence and a number of his conclusions, warranting remand for further administrative proceedings.

Among other things, Plaintiff contends that the ALJ did not adequately account for her limitations in concentration, persistence, and pace. In concluding that her difficulties in concentration, persistence, and pace were not moderate and not severe, the ALJ relied on Plaintiff's ability to concentrate during consultative examinations, to complete her activities of daily living, and to respond appropriately to questions during the hearing. In addition, he stated that Plaintiff "testified she sometimes watches television, which is an activity that typically requires at least some level of concentration, persistence, or pace." (R. 24.)

The ALJ acknowledged that the examining psychological consultant, Dr. Kenneth Heinrichs, found that although she had normal levels of understanding and persistence, "[h]er sustained concentration was limited," and she had "deficits in short-term memory, attention and concentration which would likely interfere with her ability to engage in some work-related activities without close

6

supervision." (R. 542.) However, the ALJ gave little weight to Dr. Heinrichs' opinion, concluding that "[o]verall," medical practitioners found her concentration and memory to be intact. (R. 24.)

First, the ALJ failed to explain why he credited the summary "check box" notations of other medical professionals over the opinion of the examining consultant. As a result, the Court cannot evaluate whether his reasons for discounting the opinion of Dr. Heinrichs are supported by substantial evidence. Second, the ALJ gave no rationale for his conclusion that Plaintiff's ability to complete certain household chores and watch television equates to the level of sustained concentration required for competitive employment.

Plaintiff also faults the ALJ for failing to properly consider the opinion of her treating physician, Dr. Christopher Guerrero, who concluded that Plaintiff had limited use of her upper extremities due to neck, arm, and shoulder pain. An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739. And even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature,

and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See id.*

In this case, the ALJ stated that he discounted Dr. Guerrero's opinion because "the record establishes she has relatively normal right hand functioning." (R. 28.) However, the ALJ did not explain how her normal right hand functioning is inconsistent with Dr. Guerrero's opinion, which relates to pain in the neck, arm, and shoulders. The ALJ also did not evaluate Dr. Guerrero's opinion in light of the regulations, and thus he did not build a logical bridge between the evidence and his reasons for not giving the treater's opinion controlling weight.[2]

---

[2] Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 9] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  ENTERED:

**DATE:   September 19, 2018**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**